**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PAUL RICHARD PAYNE,

Plaintiff-Appellant,

v.

CLINT FRIEL, Warden;
RICK BROWN; CRAIG BALLS;
MATTHEW FAIRBANKS; FNU
SIBBETT; BLAKE NEILSON;
EILEEN CLARK; SHELBY
HERBERT; DAVID ANGERHOFFER;
WAYNE FREESTONE; FNU PERRY,
Guard; FNU FEICKERT, Guard;
BRYANT HERMAN; B. SCOTT,
Sergeant; M. DELYNN SUMMERS;
BILLIE CASPER; FNU MEYERS,
Lieutenant; TOM ANDERSON;
SCOTT CARVER,

Defendants-Appellees.

No. 07-4121
(D.C. No. 2:04-CV-844-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Paul Richard Payne, a Utah state prisoner proceeding pro se, challenges the district court's sua sponte dismissal of his civil rights complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm in part, reverse in part, and remand.

## I. Background

Mr. Payne filed this 42 U.S.C. § 1983 action in September 2004 against the warden and several corrections officers of the Utah State Prison, certain members of Utah's Board of Pardons and Paroles, and lawyers working under contract with the prison to provide limited legal services to inmates. In an exhaustive 17-count complaint, Mr. Payne detailed numerous alleged violations of his constitutional rights, which, for purposes of this appeal, we distill as follows: (1) that he was disciplined in violation of his due process rights; (2) that the parole board violated his Fifth Amendment rights by drawing a negative inference from his refusal to discuss the murder of a fellow inmate; (3) that his due process rights were violated as a result of the prison's arbitrary classification system and his placement in administrative segregation; (4) that he was denied meaningful access to the courts; (5) that he is forced to live in inhumane conditions in violation of the Eighth Amendment; (6) that he is denied access to the press; (7) that his property was seized without due process; and (8) that the prison grievance system is a farce and a sham.

The district court concluded that, even liberally construed, none of the counts in Mr. Payne's complaint stated a cognizable claim under § 1983 and that it would be futile to allow him to amend his pleadings. Accordingly, on April 10, 2007, it dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. The following summary of the district court's reasoning corresponds to our numbered categories above.

First, the court concluded that Mr. Payne was afforded the minimum level of constitutional due process required in his disciplinary proceedings because "he received advance written notice of the hearing, . . . he was allowed to present evidence, and . . . the grounds for the guilty finding were set out in writing." R. Vol. IV, Doc. 41 at 5. The court also held that "[d]ouble jeopardy protections to do not apply to prison disciplinary proceedings." *Id.* at 6.

Second, the court rejected his complaints about his parole hearing, explaining that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.* at 7 (quotation and alteration omitted). Since Mr. Payne is serving a life sentence, the court held there was no constitutional violation in the board's denial of parole notwithstanding any alleged procedural errors. The court also held that the parole board could, consistent with Mr. Payne's Fifth Amendment right against compelled self-incrimination, draw a negative inference from his refusal to

discuss particular subjects at his parole hearing.  *See id.* at 9 (citing *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 286 (1998)).

Third, the court held Mr. Payne was not entitled to relief under § 1983 by virtue of his classification in administrative segregation.  The court explained that inmates have no federal constitutional right to any specific classification or housing assignment.  Rather, a protected liberty interest arises with respect to prison classification only where it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Concluding that "[t]he regime to which [Mr. Payne] [was] subjected as a result of his classification [was] clearly within the normal limits or range of custody which his conviction . . . authorized the State to impose," R. Vol. IV, Doc. 41 at 11, the court found no liberty interest, and thus no constitutional deprivation, arising out of his placement in administrative segregation.

Fourth, the court held that the volume of material that Mr. Payne was able to file in this case demonstrated that he could not state a claim for denial of meaningful access to the courts.  The court also rejected his complaints about the prison's reliance on contract attorneys in lieu of a law library based on this court's acceptance in *Carper v. DeLand*, 54 F.3d 613, 616-617 (10th Cir. 1995), of the very system being challenged.

The court went on to separately address each of Mr. Payne's Eighth

Amendment claims, which ranged from complaints about the cold temperature in

his cell to the quality of his meals. None, the court held, constituted cruel and

unusual punishment in violation of the Eighth Amendment. The court explained

that an Eighth Amendment claim entails both objective and subjective

components. "The objective component is met only if the condition complained

of is 'sufficiently serious,'" meaning that it "poses 'a substantial risk of serious

harm.'" R. Vol. IV, Doc. 41 at 19 (quoting *Farmer v. Brennan*, 511 U.S. 825,

834 (1994)). The second component requires the prison official to have a

"sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (quotation

omitted). This, the court explained, requires the inmate to allege on the part of

the defendant prison officials, a deliberate indifference to his health or safety.

"Deliberate indifference requires both knowledge and disregard of possible risks,

a mens rea on a par with criminal recklessness." R. Vol. IV, Doc. 41 at 20

(quotation omitted). The court concluded that Mr. Payne failed to allege facts

meeting either the objective or subjective components of a valid Eighth

Amendment claim.

The district court rejected the final three categories of claims more

summarily. It concluded that the prison's vendor policy, which controls the

books to which inmates have access, was reasonably related to valid penological

interests as required by *Turner v. Safley*, 482 U.S. 78, 88 (1987), and thus it

rejected Mr. Payne's "access-to-the-press" claim. It rejected his property-seizure claim because Mr. Payne failed to allege insufficient post-deprivation procedures. And it held he failed to state a claim based on the alleged shortcomings of the prison's grievance system because since *Jones v. Bock*, 127 S. Ct. 910, 921 (2007), exhaustion of administrative remedies is no longer a pleading requirement.

Mr. Payne appeals the dismissal of each of his claims, arguing that the district court both misconstrued his pleadings and committed legal error.

## II.  Discussion

We review de novo a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.*  In determining whether dismissal is proper, we accept the plaintiff's allegations as true and construe them and all reasonable inferences to be drawn from them in the light most favorable to the plaintiff. *Id.*  We have carefully examined Mr. Payne's complaint in light of the additional consistent facts that he provided in his appellate brief.  *See Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) (noting that it may be appropriate to consider additional facts asserted in brief so long as they are consistent with facts and theories advanced in complaint).  And

we are satisfied that the district court correctly dismissed all but Count Three of the complaint, which alleged a due process violation arising out of Mr. Payne's classification in administrative segregation.

In support of this claim, Mr. Payne alleged that the prison's classification system is "defunct and void of due process." R. Vol. I, Doc. 4 at 6. He claims he was arbitrarily placed in Intensive Management ("IM") when he arrived at the prison in 2003 and that he has remained there ever since. He goes on to explain, in support of one of his Eighth Amendment claims, that IM is administrative segregation, which "is not [meant] to be punitive." *Id.* at 28. Nonetheless, he claims that because of his classification, he is locked in his cell all but three hours per week and is denied access to books, magazines, a television or radio, paper, art supplies, hobby/craft materials, and all other means of entertainment. He also claims that he has "zero access to jobs, programming or education[,] thus negating any form or rehabilitation." *Id.* at 37. Further elaborating his plight in his brief to this court, Mr. Payne argues that his "treatment, in relation to other IM prisoners is atypical and significant as they do 45 days in IM while [he] has been in IM for 3 ½ years [without] incident." Aplt. Op. Br. at 20.

The district court dismissed this claim because it concluded that Mr. Payne did not have a constitutional right to any specific classification or housing assignment. And it further held that he could not show that his classification "impose[d] an atypical or significant hardship on him in relation to the ordinary

-7-

incidents of prison life, or [was] likely to lengthen his term of confinement." R. Vol. IV, Doc. 41 at 11. This unsupported analysis, however, did not go far enough. The district court correctly observed that "classification of a plaintiff into segregation does not involve deprivation of a liberty interest independently protected by the Due Process Clause." *Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006) (quotation and alterations omitted). A liberty interest *may* be created, however, if the segregation imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. When a prisoner makes such an allegation based on his confinement in segregation, the district court must conduct an evidentiary analysis to determine whether the duration of the confinement was itself atypical and significant. *See Trujillo*, 465 F.3d at 1225 (reversing dismissal of due process claim where prisoner alleged that he spent 750 days in segregation compared to other inmates' stays of 180 days); *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (holding that district court abused its discretion in concluding that three-year period of segregation was not even arguably atypical); *Gaines v. Stenseng*, 292 F.3d 1222, 1225-26 (10th Cir. 2002) (reversing dismissal of due process claim and remanding to district court to determine whether 75-day confinement in disciplinary segregation was itself atypical and significant).

By the time the district court issued its ruling, Mr. Payne had been confined to administrative segregation for over three years. Nonetheless, the district court

dismissed his due process claim at the pleading stage without inquiring into whether the duration of his confinement in segregation alone constituted an atypical and significant hardship. This was error. *See Perkins*, 165 F.3d at 809 (noting that the state must "fully address both the duration and degree of plaintiff's restrictions as compared with other inmates"); *Gaines*, 292 F.3d at 1226 (holding that it was inappropriate to dismiss due process claim at pleading stage). We therefore reverse the dismissal of Count Three of the complaint and remand to allow the district court to conduct the appropriate evidentiary analysis. We note, however, that not all of the defendants are implicated in Mr. Payne's due process claim relating to his confinement in segregation. The district court is therefore advised to examine Mr. Payne's complaint and order service of process only upon the appropriate defendants.

We affirm the district court's dismissal of all other claims for substantially the same reasons articulated in its order of April 10, 2007.

### III. Conclusion

The dismissal of Count Three of the complaint is REVERSED and the case is REMANDED with instructions to the district court to examine the allegations

supporting this claim and have the appropriate defendants served pursuant to

28 U.S.C. § 1915(d).  The dismissal of all other counts is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge